#27758-a-DG
**2016 S.D. 86**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                         Plaintiff and Appellee,

    v.

RYAN G. JONES,                         Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE HEIDI LINNGREN
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                         Attorneys for plaintiff
                                             and appellee.


PAUL EISENBRAUN of
Grey & Eisenbraun
Rapid City, South Dakota                         Attorneys for defendant
                                             and appellant.


\* \* \* \*

CONSIDERED ON BRIEFS
NOVEMBER 7, 2016
OPINION FILED **12/07/16**

#27758

GILBERTSON, Chief Justice

[¶1.]     Ryan Jones pleaded guilty to one count of aggravated incest and four counts of abusing his children.  The circuit court sentenced Jones to a total of 47 years imprisonment in consecutive sentences and ordered him to pay $19,555 to the Department of Social Services for counseling and treatment costs incurred in caring for the children.  Jones appeals the reimbursement order, arguing that the Department is not statutorily entitled to such payment.  We affirm.

**Facts and Procedural History**

[¶2.]     This case arises out of Jones's repeated abuse—sexual and otherwise—of his children from April 27, 2009, to November 17, 2014.[1]  On January 7, 2015, a grand jury indicted Jones on eight counts relating to this abuse.  First, the indictment charged Jones with one count of first-degree rape under SDCL 22-22-1(1) and one count of second-degree rape under SDCL 22-22-1(2).  Alternatively, the indictment charged Jones with one count of fourth-degree rape under SDCL 22-22-1(5), one count of aggravated incest under SDCL 22-22A-3(1), and four counts of abusing a minor under SDCL 26-10-1.

[¶3.]     Jones and the State subsequently entered into a plea agreement.  The circuit court held a change-of-plea hearing on September 14, 2015, during which the State described the agreement:

> The plea agreement is Mr. Jones will be pleading . . . guilty to Count 4, aggravated incest, and, also, Counts 5 through 8, child abuse, felony level.

---

1.     Neither Jones nor the State delves into the specifics of Jones's conduct. Because the issue raised by the parties is one of statutory construction, such details are not necessary to resolve this appeal.

-1-

> The State would agree to dismiss the remaining charges. He will obtain a sex offender evaluation, be responsible for any and all costs. At the time of sentencing, both sides would remain free to comment.

The court canvassed Jones and explained that by pleading guilty, Jones could be subjected to a total of 55 years imprisonment and fines totaling $110,000. Jones agreed and signed a written fact statement, which the State supplied, to provide a basis for his plea.

[¶4.]    On January 4, 2016, the circuit court sentenced Jones to 15 years imprisonment for aggravated incest and 8 years imprisonment for each of the four counts of abusing a minor—all to be served consecutively—totaling 47 years. The court gave Jones credit for time served. Finally, it also required Jones to pay court costs, attorney fees, and transcript costs, and to reimburse the Department for $19,555 spent on counseling and treating Jones's victims.

[¶5.]    Jones appeals, raising one issue: Whether his trial counsel rendered ineffective assistance by failing to object to the court's reimbursement order.[2]

### Standard of Review

[¶6.]    The central issue in this case is a question of statutory construction. We review such issues de novo. *Good Lance v. Black Hills Dialysis, LLC*, 2015 S.D. 83, ¶ 9, 871 N.W.2d 639, 643. Thus, we give no deference to the circuit court's legal conclusions. *Id.*

---

2.    In his brief, Jones also directly attacks the court's reimbursement order, claiming it was plain error. Because both versions of his argument fail for the same reason, we do not separately analyze his plain-error argument.

**Analysis and Decision**

[¶7.]    Jones argues the Department was not entitled to the $19,555 reimbursement order "because it was not a victim of the crimes of Jones." Jones argues that this case is governed by SDCL chapter 23A-8. Under this chapter, "restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so." SDCL 23A-28-1. A victim is "any person, as defined in subdivision 22-1-2(31), who has suffered pecuniary damages as a result of the defendant's criminal activities, including any person who has by contract or by statute undertaken to indemnify another or to pay or provide a specified or determinable amount or benefit upon determinable contingencies." SDCL 23A-28-2(5). However, a state agency is not considered a person for purposes of this statute unless its property is the subject of the crime or petty offense at issue. SDCL 22-1-2(31).

[¶8.]    We need not determine whether the Department qualifies as a victim under SDCL 23A-28-2(5). As the State correctly points out, the court's reimbursement order was actually *required* by another statute:

> Anyone convicted under § 26-10-1 or 22-22-7, or subdivision 22-22-1(1) or (5), shall be required as part of the sentence imposed by the court to pay all or part of the cost of any necessary medical, psychological, or psychiatric treatment, or foster care of the minor resulting from the act or acts for which the defendant is convicted.

SDCL 23A-28-12. Jones pleaded guilty to violating SDCL 26-10-1 in regard to each of his four victims. Therefore, under SDCL 23A-28-12, he was explicitly required to pay their treatment costs. While Jones additionally committed aggravated incest (which is not enumerated in SDCL 23A-28-12) against one of these four victims, he

has not argued that the victim's treatment costs would have been any less had Jones been convicted solely under SDCL 26-10-1. Therefore, even if the Department does not qualify as a victim under SDCL 23A-28-2(5), Jones is still responsible for paying the entirety of his victims' treatment costs under SDCL 23A-28-12. Moreover, as noted above, Jones agreed to pay "any and all costs" as part of the plea agreement. *See supra* ¶ 3.

## Conclusion

[¶9.]     Jones pleaded guilty to violating SDCL 26-10-1 in regard to each of his four victims. Therefore, the circuit court was required to order Jones to pay for their treatment costs under SDCL 23A-28-12, and Jones's trial counsel's failure to object in no way suggests Jones received deficient assistance of counsel.

[¶10.]     We affirm.

[¶11.]     ZINTER, SEVERSON, WILBUR, and KERN, Justices, concur.